UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ADDIE FISHER, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. |
| ) | 17-11232-FDS |
| v. ) | |
| ) | |
| HARVARD PILGRIM HEALTH CARE ) | |
| OF NEW ENGLAND, INC., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION
REGARDING THE RECORD FOR JUDICIAL REVIEW**

**SAYLOR, J.**

This is an action for benefits under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq.*

Plaintiff Addie Fisher contends that defendant Harvard Pilgrim Health Care of New England, Inc. ("HPHC") failed to pay medical benefits she was owed under her health plan. Specifically, she challenges HPHC's decision to stop paying for treatment relating to her eating disorder on the ground that it was not medically necessary.

HPHC has provided a proposed record for judicial review. Fisher contends that the record is deficient and should include certain additional documents. Because Fisher has not satisfied her burden to expand the record beyond the documents available to the decisionmaker, the motion will be denied.

**I.     Background**

    **A.     Factual Background**

The following facts are set forth as alleged in the complaint and in the partial record for

judicial review filed with the Court ("P.R. __").

Addie Fisher is a young woman with a history of bulimia nervosa. (Compl. ¶ 6). Fisher is covered by health insurance from HPHC through a health plan sponsored by her father's employer. (*Id.* ¶ 3). The claims administrator for HPHC is United Behavioral Health ("UBH"). (*Id.* ¶ 10).

On May 28, 2015, Fisher was admitted to Oliver Pyatt Centers, a residential treatment facility that specializes in eating disorders. (*Id.* ¶ 7). HPHC paid for Fisher's treatment at Oliver Pyatt for approximately two months. (*Id.* ¶ 9). On July 30, 2015, UBH informed Fisher that it would stop paying for residential treatment on July 31, 2015. (*Id.* ¶ 10).

Fisher then requested coverage for "partial hospitalization" at Oliver Pyatt beginning August 1, 2015. (P.R. 95-96). UBH denied that claim on August 4, 2015, on the ground that the requested level of care was not medically necessary, and offered instead to cover outpatient treatment. (P.R. 99-100, 126-28). Fisher appealed that decision. (P.R. 115-17). On August 7, 2015, HPHC upheld its decision to deny benefits. (P.R. 201-04). Fisher continued to receive treatment at Oliver Pyatt until January 8, 2016, but her family paid for the treatment until she stepped down to outpatient care on October 6, 2015.

### B. Procedural Background

Fisher filed this action on July 3, 2017. HPHC has provided her counsel with a proposed record for judicial review, but the parties have been unable to agree on the proper contents of that record. On May 22, 2018, Fisher filed the present motion. She seeks an order that the record for judicial review should include the following documents:

(1) All internal claim or utilization review notes by HPHC or UBH pertaining to the treatment received by plaintiff between May 28, 2015, and January 8, 2016, the dates of plaintiff's stay at Oliver Pyatt;

2

(2) All communications between HPHC and/or UBH, on one hand, and Oliver Pyatt, on the other, between May 28, 2015, and January 8, 2016;

(3) All communications between HPHC and/or UBH, on one hand, and Plaintiff and/or any of her representatives, on the other, between May 28, 2015, and January 8, 2016;

(4) All communications between HPHC and UBH between May 28, 2015, and January 8, 2016, regarding Plaintiff's claim for benefits for her treatment at OPC; and

(5) All medical records associated with Plaintiff's treatment at OPC between May 28, 2015, and January 8, 2016.

## II.     **Standard of Review**

"[T]he focus of judicial review" in an ERISA benefits case, whether conducted *de novo* or under the arbitrary-and-capricious standard, "is ordinarily on the record made before the administrator and at least some very good reason is needed to overcome that preference." *Orndorf v. Paul Revere Life Ins. Co.*, 404 F.3d 510, 519 (1st Cir. 2005). Consistent with that principle and principles of exhaustion and finality, "the final administrative decision acts as a temporal cut off point. The claimant may not come to a court and ask it to consider post-denial medical evidence in an effort to reopen the administrative decision." *Id.* Indeed, it would be error to admit additional evidence, even if defendant were to agree to it. *Id.*; *Doe v. Harvard Pilgrim Health Care, Inc.*, 2017 WL 4540961, at *10 (D. Mass. Oct. 11, 2017).

The First Circuit has acknowledged, however, that additional evidence may be relevant when a claimant challenges the procedure used to make a decision, as opposed to the merits of the decision itself. *Orndorf*, 404 F.3d at 520. If, for example, such evidence is "relevant to a claim of personal bias by a plan administrator or of prejudicial procedural irregularity in the ERISA administrative review procedure," it may be relevant. *Id.* When a claimant can provide evidence of structural bias, discovery may be appropriate to determine "whether a structural

3

conflict has morphed into an actual conflict." *Denmark v. Liberty Life Assur. Co of Bos.*, 566 F.3d 1, 10 (1st Cir. 2006). "But any such discovery must be allowed sparingly and, if allowed at all, must be narrowly tailored so as to leave the substantive record essentially undisturbed." *Id.*

## III.     Analysis

Fisher contends that the record should include all of the internal claim and utilization notes of HPHC and UBH, all their communications with Oliver Pyatt and Fisher, and all of Fisher's treatment records, from the period between May 28, 2015, and January 8, 2016.

First, no documents or communications from the period after August 7, 2015, when her claim was finally denied, may be included in the record for judicial review. The First Circuit is clear that the final administrative decision is a "temporal cutoff point." Fisher makes no argument as to how these later materials could be relevant.[1]

As to documents and communications from the period before August 7, 2015, Fisher has the burden to show either that (1) these materials were actually before the decisionmaker at the time the decision was made, or (2) there is a "very good reason" to include them in the record.

Fisher's medical records from Oliver Pyatt would certainly be relevant to a claim determination had they been before the decisionmaker. But she does not contend that they were. Rather, she simply argues that they are "the best evidence of what kind of treatment Plaintiff was receiving, and should be considered by the Court in determining whether that treatment was

---

[1] HPHC correctly argues this point. (Def. Opp. at 6 ("[A]ny and all records or communications after August 7, 2015, are outside the scope of the administrative record and must be excluded.")). Nevertheless, it puzzlingly explains later on that it "included the documents and records that were before the administrator at the time of the adverse determination and, consequently, the records that are relevant to the disputed coverage period—August 1, 2015, to October 5, 2015." (Def. Opp. at 7). The Court has inspected the partial record filed with the Court, and it appears that the only documents from that period that have been included are explanations-of-benefits statements. (P.R. 233-270). While obviously not relied on by the decisionmaker for the August 7, 2015 denial, they do tend to show what HPHC was paying for during the disputed period. In any event, both sides appear to agree that they should be included in the record.

4

medically necessary." (Pl. Mot. at 7). Fisher would have had the opportunity to submit her medical records as part of the internal-appeal process. 29 C.F.R. § 2560.503-1(h)(2)(ii). And HPHC and UBH had some medical information about Fisher in the form of the peer-to-peer reviews, in which HPHC and UBH doctors contacted Fisher's treating physicians to ascertain her recovery status. (P.R. 95-104). Fisher does not attempt to explain why she did not submit the records earlier, or why the peer-to-peer review was an inadequate basis for HPHC's decision. Therefore, she has not put forth a "very good reason" for those medical records to be included in the record for judicial review here.

Fisher also contends that case notes from the beginning of her treatment at Oliver Pyatt until the adverse decision should be included, as well as any communications from that period between her or Oliver Pyatt, on the one hand, and HPHC or UBH, on the other. HPHC does not dispute that the information was in its possession at the time the adverse decision was made; rather, it contends that the information is not properly part of the record for judicial review because it relates to "treatment periods that were (1) covered by HPHC and (2) not relevant to the medical necessity determination made on August 7, 2015." (Def. Opp. at 7).

The Department of Labor has promulgated regulations concerning appeals of adverse benefit determinations under ERISA. As part of the internal-appeal process, the employee benefit plan is required to provide a claimant with "all documents, records and other information relevant to the claimant's claim for benefits." 29 C.F.R. § 2560.503-1(h)(2)(iii). The regulations further provide, in part, that "[a] document, record, or other information shall be considered 'relevant' to a claimant's claim if such document, record, or other information (i) was relied upon in making the benefit determination; [or] (ii) was submitted, considered, or generated in the course of making the benefit determination, without regard to whether such document, record, or

5

other information was relied upon in making the benefit determination." *Id.* § 2560.503-1(m)(8). Therefore, it appears that unless HPHC or UBH actually considered the treatment notes or communications from prior, covered treatment periods, those materials would not be "relevant" because they would not have been relied on or generated in the course of making the adverse benefit determination at issue. And it appears that those records were not actually considered as part of the benefits determination. (Def. Opp. at 7 (arguing that the records are "not relevant")). If true, those materials are not properly part of the record for judicial review.

To the extent the materials were not before the decisionmaker, Fisher has shown no "very good reason" to include them now. Although Fisher correctly cites the rule that the court may look beyond the administrative record when it is concerned about the impartiality of a record prepared by a conflicted party, she does not allege that there was any bias associated with the decision in her case. At most, she argues that her "history of struggling with her condition" is "important for the Court to consider in determining whether her treatment was warranted under the terms and conditions of the Plan." (Pl. Mot. at 7). But if that type of relevance alone were enough to reopen the record in ERISA benefits cases, there would be no teeth to a rule restricting review to the record before the administrator. *Orndorf*, 404 F.3d at 519 ("Even if the new evidence directly concerned the question of his disability before the final administrative decision, it was inadmissible."). Therefore, those communications and claim notes must be excluded.

## IV. Conclusion

For the foregoing reasons, plaintiff's motion regarding the record for judicial review is DENIED.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor, IV
Dated: July 13, 2018    United States District Judge